

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

December 3, 2020

**BY CM/ECF and ELECTRONIC MAIL**

The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> Re:   ***United States v. Ardae Hines,***
> **17 Cr. 364 (CS)**
> **20 Civ. 10064 (CS)**

Dear Judge Seibel:

The Government writes respectfully to request: (1) that this Court find that Petitioner Ardae Hines has waived the attorney-client privilege that applied to his communications with Richard Palma, Esq., or, in the alternative, require Hines to execute a waiver of the attorney-client privilege before considering Hines's claims; (2) that this Court order Mr. Palma to submit an affidavit addressing Hines' factual assertions; and (3) an extension of time—to a date sixty days after the submission of an affidavit by Mr. Palma—to respond to Hines' Petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## Background

On February 7, 2019, Hines pleaded guilty to Count One (participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d)) and Three (participating in a conspiracy to distribute and possess with intent to distribute 280 grams and more of crack cocaine and quantities of heroin, in violation of 21 U.S.C. § 846).  On July 31, 2019, this Court sentenced Hines to a term of 15 years' imprisonment.  Hines did not file a notice of appeal thereafter, so his sentence became final 14 days later.

## Hines' Section 2255 Petition

On October 31, 2020, Hines filed the Petition (Dkt. No. 563), which asserts ineffective assistance of counsel.  Hines states that he received "ineffective assistance of counsel during plea-bargaining," Petition at 5, because, among other issues, his

Hon. Cathy Seibel
December 3, 2020
Page 2 of 5

counsel "promised that [he] would receive the mandatory minimum ten-year sentence," Petition at 5; counsel "misinform[ed]" him that under the First Step Act he would be entitled to a good time or similar credit, Petition at 5; that counsel told him that "the Feds have parole," Petition at 5. Hines also asserts that he received "ineffective assistance of counsel by failing to file motion and Notice of Appeal," Petition at 6, because, among other issues, he instructed his counsel to file a motion to suppress certain evidence, Petition at 6; and he had instructed his counsel to file a notice of appeal, Petition at 6. Finally, Hines asserts "ineffective assistance of counsel at sentencing," Petition at 8, because, among other issues, his counsel prevented him from testifying at sentencing, Petition at 8.

Hines now moves the Court for vacatur of his conviction and sentence, and for assignment of counsel. Petition at 13.

## Discussion

Hines has waived his attorney-client privilege. His claims that Mr. Palma rendered ineffective assistance on all three grounds, based on putative instructions by Hines to Mr. Palma and advice from Mr. Palma to Hines, place Hines' communications with his attorney squarely in issue.

Accordingly, by filing the Petition, Hines has waived the attorney-client privilege as a matter of law. As Judge McMahon has explained, "where a habeas petitioner raises a claim of ineffective assistance of counsel, the petitioner waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Douglas v. United States*, No. 09 Civ. 9566 (CM), 2011 WL 335861, at *1 (S.D.N.Y. Jan. 28, 2011) (citing cases); *see also, e.g., Aladino v. United States*, No. 09 Civ. 926 (CBA), 2011 WL 6131175, at *2 (E.D.N.Y. Dec. 8, 2011) ("In cases where a habeas petitioner alleges ineffective assistance of counsel, courts routinely find that the petitioner puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications" (citing cases)).[1] Courts in the Second Circuit have repeatedly found implicit waivers of the privilege and considered affidavits from attorneys who were the subject of ineffectiveness claims in cases where petitioners did not execute a formal waiver. *See, e.g., Ramzan v. United States*, Nos. 11 Civ. 1191 (NRB), 06 Cr. 456 (NRB), 2012 U.S. Dist. LEXIS 103695 (S.D.N.Y. July 20, 2012) (explaining that court order requiring counsel to submit affidavit concerning petitioner's claims of ineffective assistance was based on petitioner's implied waiver of attorney-client privilege); *United States v. Sosa-Lopez*, Nos. 12 Civ. 6649L, 06 Cr. 6198L, 2013 WL 164091, at *1-2 (W.D.N.Y.

---

[1] "The implied privilege waiver should only extend … 'to confidential information that is needed to defend against the prisoner's specific claims.'" *Aladino*, 2011 WL 6131175, at *3 (citation omitted).

Hon. Cathy Seibel
December 3, 2020
Page 3 of 5

Jan. 15, 2013) (finding implied waiver of attorney-client privilege based on petitioner's ineffectiveness claim and directing defense counsel to provide affidavit on matters relevant to petitioner's claim); *Billie v. United States*, No.3: l0 Civ. 1122 (JBA), 2013 WL 2946066 (D. Conn. June 13, 20l3) (considering affidavits submitted to the Government by attorney against whom petitioner asserted ineffective assistance and thus had impliedly waived attorney-client privilege). The American Bar Association Formal Opinion 10-456[2] should not prevent an attorney from disclosing his communications with his client to the extent necessary to defend against claims of ineffective assistance. *See*, *e.g.*, *Melo v. United States*, 825 F. Supp. 2d 457, 463 n.2 (S.D.N.Y. 2011) (rejecting petitioner's contention that attorney affidavit in connection with petitioner's ineffectiveness claim was a violation of attorney-client privilege as set forth in the non-binding ABA Formal Opinion 10-456 on ground that "it is well settled in the Second Circuit that when a convicted defendant raises an argument that his counsel was ineffective and bases that contention on privileged communications with his attorney, the attorney-client privilege is waived as to the contents of those discussions" (internal citations omitted)).[3]

Here, Hines has explicitly placed at issue his communications with counsel in alleging that his attorneys provided ineffective assistance. Permission to file affidavits by counsel responding to Hines' factual claims is appropriate, as it would allow

---

[2] The summary of ABA Formal Opinion 10-456 reads as follows:

> Although an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information, that information still is protected by Model Rule 1.6(a) unless the defendant gives informed consent to its disclosure or an exception to the confidentiality rule applies. Under Rule 1.6(b)(5), a lawyer may disclose information protected by the rule only if the lawyer "reasonably believes [it is] necessary" to do so in the lawyer's self-defense. The lawyer may have a reasonable need to disclose relevant client information in a judicial proceeding to prevent harm to the lawyer that may result from a finding of ineffective assistance of counsel. However, it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable.

[3] The *Melo* court also concluded that an ABA ethics opinion is not binding, and, "even if it were controlling, the Opinion does not purport to prohibit an attorney from providing an affidavit to the Government when confronted with an ineffective assistance of counsel claim in a habeas petition." 825 F. Supp. 2d at 463 n.2.

Hon. Cathy Seibel
December 3, 2020
Page 4 of 5

Mr. Palma to disclose such communications in "a court-supervised response by way of testimony *or otherwise*." ABA Formal Opinion 10-456 (emphasis added). Without the ability to hear counsel's full recounting of the communications with their client that are now at issue, the Government would be unable fully to brief, and the Court would be unable appropriately to resolve, the Petition.

Accordingly, the Government respectfully requests that this Court find that Hines has waived his attorney-client privilege with respect to any and all communications between himself and Mr. Palma by filing the Petition. In the alternative, the Government respectfully requests that the Court require Hines to execute a formal waiver of the attorney-client privilege before the Court further considers the Petition.[4] Once the Court has determined that Hines has waived attorney-client privilege, either on its own finding or after Hines' consent, the Government respectfully Court order Mr. Palma to file an affidavit addressing Hines' factual assertions.

### Briefing Schedule

The Government also respectfully requests that the Court extend its time to respond to the Petition until a date sixty days after the submission of an affidavit by Mr. Palma. Such an extension would allow: (1) the Court to find that Hines has waived his attorney-client privilege; (2) Mr. Palma to submit an affidavit under oath; (3) the Government to review such supplemental information; and (4) the Government to respond appropriately to the Petition, which raises an issue that will require sufficient briefing to adequately respond. Without an extension to allow these events to come to pass, any response by the Government would be necessarily incomplete and not entirely helpful to the Court.

### Conclusion

The relief sought herein will allow the Court to dispose of the Petition in a fully-informed manner and, hopefully, prevent significant litigation after such disposal. Accordingly, the Government respectfully requests that this Court (1) find that Hines has waived the attorney-client privilege that applied to his communications with Mr. Palma , or, in the alternative, require Hines to execute a waiver of the attorney-client privilege before considering Hines' claims; (2) order Mr. Palma to submit an affidavit addressing Hines' factual assertions; and (3) grant an extension of time—until 60 days after Mr. Palma submits his affidavit—for the Government to respond to the Petition.

---

[4] If the Court determines that Hines must consent to waive the attorney-client privilege, the Government is happy to submit to the Court a proposed Consent form to send to Hines, which will be substantially similar to that ordered by Chief Judge McMahon in *Justin Simmons v. United States*, 10 Cr. 391 (CM), Dkt. No. 1821.

Hon. Cathy Seibel
December 3, 2020
Page 5 of 5

      Please feel free to contact me with any questions or issues.

                                         Respectfully submitted,

                                         AUDREY STRAUSS
                                         Acting United States Attorney

             By:   /s
                  Samuel L. Raymond
                  Assistant United States Attorney
                  (212) 637-6519

cc:    Ardae Hines, pro se (by regular mail)
       Richard Palma, Esq. (by email)